IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD BASS, | ) | CIVIL NO. 11-00524 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON OSTACHUK, PAUL STETSER, | ) | |
| LOUIS M. KEALOHA, CITY AND | ) | |
| COUNTY OF HONOLULU, DOE | ) | |
| OFFICER 1, DOE OFFICER 2, DOE | ) | |
| DEFENDANTS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants Aaron Ostachuk,
Paul Stetser, Louis M. Kealoha, and City and County of Honolulu's
("the City") (collectively, "Defendants") Motion for Summary
Judgment ("Motion"), filed on October 29, 2012.  Plaintiff
Ronald Bass ("Plaintiff") filed a Memorandum in Opposition to the
Motion on December 17, 2012 ("Memorandum in Opposition"), and
Defendants filed their reply ("Reply") on December 24, 2012.
This matter came on for hearing on January 7, 2013.  Appearing on
behalf of Defendants was D. Scott Dodd, Esq., and appearing on
behalf of Plaintiff was Eric A. Seitz, Esq., and Della A.
Belatti, Esq.  After careful consideration of the Motion,
supporting and opposing memoranda, and the relevant legal
authority, Defendants' Motion is HEREBY DENIED for the reasons
set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this district court's July 2, 2012 Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings and Granting Plaintiff Leave to Amend ("7/2/12 Order").[1]  [Dkt. no. 29.]

In the 7/2/12 Order, United States Senior Judge David Alan Ezra first dismissed without prejudice Plaintiff's claims against the Doe Defendants, granting Plaintiff leave to amend his complaint and identify the unknown defendants by August 1, 2012. [7/2/12 Order at 7, 22.]

Judge Ezra granted Defendants' motion for judgment on the pleadings as to Plaintiff's claim of Section 1983 municipal liability against the City, finding that Plaintiff failed to allege any City policy, custom, or practice that was the moving force behind the alleged constitutional violation, or a failure on the part of the municipality to train that amounted to deliberate indifference to Plaintiff's rights.  As such, the 7/2/12 Order dismissed Plaintiff's Section 1983 claims against the City and against Defendant Kealoha, Chief of the Honolulu Police Department.  [Id. at 11-12.]

---

[1] This case was reassigned to this Court on August 3, 2012. [Dkt. no. 34.]

As to the Section 1983 claims against the individual
Defendants Ostachuk and Stetser, Judge Ezra found that
Plaintiff's allegations that the Defendants grabbed him without
provocation, pushed him repeatedly, sprayed his eyes with pepper
spray without warning, held him down on his stomach, and
subsequently arrested him without explanation were sufficient to
overcome the Defendants' motion for judgment on the pleadings.
[Id. at 12-13.]  Relying on the same factual allegations, Judge
Ezra found that Plaintiff had alleged facts sufficient to
overcome the Defendants' motion as to Plaintiff's claim for
intentional infliction of emotional distress under Hawai`i law.
[Id. at 13-14.]

As to Plaintiff's state law negligence claims, Judge
Ezra first noted that the Plaintiff's claims against the City and
Kealoha based upon a theory of respondeat superior required only
that Plaintiff demonstrate that torts were maliciously committed
by Defendants Ostachuk and Stetser while acting within the scope
of their authority.  Plaintiff need not show any act or fault on
the part of the employer; the City and Kealoha's liability turned
solely on the conduct of the officers.  [Id. at 15-16.]  Judge
Ezra thus turned to Plaintiff's allegations against the
individual officers.

Judge Ezra rejected Defendants' reliance on Bartolome
v. Kashimoto, Civ. No. 06-00176 BMK, 2009 WL 1956278 (D. Hawai`i

June 26, 2009), and concluded that the requirement that Plaintiff show actual malice to overcome the "qualified conditional privilege" under Hawai`i law did not bar Plaintiff's negligence claims as a matter of law. [7/2/12 Order at 19-20.] Judge Ezra noted that a Plaintiff may proceed with a negligence claim against a non-judicial official and not be barred by the qualified conditional privilege if the Plaintiff adequately alleges that the official recklessly disregarded the law or Plaintiff's legal rights. [Id. at 19-20.] Judge Ezra found that in the instant case Plaintiff had alleged facts from which it could be inferred that Defendants acted with reckless disregard of the law or of Plaintiff's rights, thus overcoming the qualified or conditional privilege. [Id. at 20.] Judge Ezra concluded that Plaintiff had alleged sufficient facts to overcome Defendants' motion for judgment on the pleadings as to Plaintiff's negligence claims, and thus denied Defendants' motion as to Plaintiff's negligence claims against both the individual Defendants and the City and Kealoha. [Id. at 21.]

Judge Ezra granted Plaintiff leave to amend the complaint to cure the deficiencies noted in the 7/2/12 Order. Plaintiff did not so amend. Plaintiff does not challenge the district court's ruling as to Plaintiff's Section 1983 municipal liability claims against the City and against Defendant Kealoha and the Doe Defendants. As such, the claims that remain are: (1)

Plaintiff's Section 1983 claims against Defendants Ostachuk and
Stetser, (2) Plaintiff's intentional infliction of emotional
distress claim against Defendants Ostachuk and Stetser, (3)
Plaintiff's state law negligence claim against Defendants
Ostachuk and Stetser, and (4) Plaintiff's state law negligence
claim under a theory of respondeat superior against the City and
Defendant Kealoha.

I.   **Defendants' Motion for Summary Judgment**

        In the instant Motion, as an initial matter, because
Plaintiff did not amend his pleadings by the deadline set in the
7/2/12 Order, Defendants ask this Court to dismiss with prejudice
those claims it dismissed without prejudice in the 7/2/12 Order.

        As to the remaining claims, Defendants first argue that
Defendant Kealoha is entitled to summary judgment on the
negligence claim (based on a respondeat superior theory) against
him because Plaintiff has made no allegations of wrongdoing on
his part.

        Defendants next argue that Plaintiff's claim of false
arrest under 42 U.S.C. § 1983 must fail because Defendant
Ostachuk had probable cause to arrest Plaintiff for Harassment
under Haw. Rev. Stat. § 711-1106.  Defendants further contend
that Officers Ostachuk and Stetser are entitled to qualified
immunity as to Plaintiff's Section 1983 claims for excessive
force.  Defendants argue that the amount of force used was

appropriate under the circumstances because, under the
Defendants' telling of the facts, Plaintiff made the initial
physical contact with Ostachuk, attempting to push him away, and
Plaintiff became physically combative with Ostachuk, requiring
Ostachuk to defend himself and attempt to handcuff Plaintiff
while he was resisting arrest.

As to Plaintiff's Hawai`i state law claims of
intentional infliction of emotional distress ("IIED") and
negligence, Defendants argue that they are entitled to the
defense of conditional privilege.  Specifically, Defendants argue
that Plaintiff has failed to allege that Defendants' actions were
motivated by malice or an otherwise improper purpose.  For the
same reason, Defendants argue that Plaintiff is not entitled to
punitive damages for his claims against the individual officers.
[Id. at 22.]

Finally, Defendants argue that Plaintiff's respondeat
superior claims against the City must fail, as the individual
officers did not commit any tort against Plaintiff, or, at the
very least, are entitled to qualified immunity or conditional
privilege.  [Id. at 23.]

## II.  <u>Memorandum in Opposition</u>

In his Memorandum in Opposition, Plaintiff argues that
there are genuine disputes as to many material facts in the case;
Plaintiff and Defendants put forth two entirely different

versions of the events underlying Plaintiff's claims.

Plaintiff first argues that no probable cause existed for Plaintiff's arrest for Harassment because Plaintiff never approached, grabbed, or hit Officer Ostachuk.  Plaintiff claims his account of the events is corroborated by the statements of Cecilia Webb, Plaintiff's girlfriend and a direct witness to the events in question.

Plaintiff next argues that Defendants are not entitled to a defense of qualified immunity because there is a clear dispute as to whether Plaintiff was the aggressor towards the Defendant officers.  Again, Plaintiff emphasizes that the version of facts Defendants' rely upon to argue that they are entitled to qualified immunity is clearly in dispute: Plaintiff claims he was never threatening and stepped away from Officer Ostachuk at least two times.  Plaintiff argues that Officer Ostachuk was, in fact, the aggressor when he grabbed Plaintiff by his shirt, pushed Plaintiff backwards, pepper sprayed Plaintiff without warning, and pushed Plaintiff to the ground by pressing on Plaintiff's neck.  Plaintiff argues that these actions were unreasonable and excessive.

Plaintiff argues that he has put forth clear and convincing evidence that the Defendant officers were motivated by malice and otherwise improper purposes and thus not entitled to the conditional privilege defense against Plaintiff's IIED and

negligence claims.  Plaintiff points to the 7/2/12 Order in which Judge Ezra found that (1) the facts as Plaintiff alleges them contain behavior on the part of the officers that "could reasonably be considered outrageous" [7/2/12 Order at 14;] (2) the City's liability must turn on whether the individual officers acted maliciously in committing the torts [id. at 16;] and (3) that Plaintiff alleged facts sufficient to demonstrate that Defendants "acted with reckless disregard of the law or of Plaintiff's legal rights."  [Id. at 20.]

Thus, Plaintiff emphasizes, this Court has already ruled that Plaintiff sufficiently pled facts from which outrageousness, reckless disregard of the law and/or Plaintiff's rights, and malice could be inferred.  In light of this, Plaintiff requests that, in addition to denying Defendants' Motion, this Court impose sanctions on Defendants for Plaintiff's attorney fees in preparing the Memorandum in Opposition.

### III. **Reply**

In their Reply, Defendants first argue that Plaintiff's request for sanctions and attorneys fees be denied, as the instant Motion was brought in good faith and nowhere misstated the standard for summary judgment.

Defendants next address the issue of qualified immunity, arguing that even if the Court were persuaded that an issue of fact exists such that Defendant Ostachuk is not entitled

to qualified immunity, it must separately consider whether Defendant Stetser is entitled to qualified immunity.  Defendants argue that, regardless of whether Defendant Ostachuk had probable cause to arrest Plaintiff, Defendant Stetser arrived on the scene to find Plaintiff and Ostachuk on the ground struggling, and was thus confronted with a situation clearly indicating that Officer Ostachuk's safety was threatened and immediate action was required.  As such, it was reasonable for Stetser to believe he was justified in coming to Ostachuk's aid, and Stetser is entitled to qualified immunity on the Section 1983 claim.

## DISCUSSION

As a preliminary matter, Defendants ask this Court to dismiss with prejudice those claims that were dismissed without prejudice in the 7/2/12 Order.  Because Plaintiff failed to amend his pleadings by the deadline set in that order, and because Plaintiff does not challenge the Court's ruling as to the Plaintiff's Section 1983 municipal liability claims against the City and against Defendant Kealoha and the Doe Defendants, this Court GRANTS Defendants' request and DISMISSES WITH PREJUDICE Plaintiff's claims against the Doe Defendants, and Plaintiff's Section 1983 municipal liability claim against the City and County of Honolulu and Kealoha.

As to the remaining claims, this Court first addresses Defendants' argument regarding Plaintiff's Section 1983 claims

against the individual officers.  In the 7/2/12 Order, Judge Ezra
found that Plaintiff's allegations that Defendants, without
provocation, grabbed him, pushed him repeatedly, sprayed his eyes
with pepper spray without warning, held him down on his stomach,
and ultimately arrested him without telling him what he was being
arrested for, were sufficient to overcome Defendants' motion for
judgment on the pleadings.  Here, Defendants fail to identify any
changes or developments in the record that alter the court's
previous conclusion, and reiterate essentially the same arguments
made before Judge Ezra.  As such, this Court DENIES Defendants'
Motion for Summary Judgment on the Section 1983 claims against
Defendants Ostachuk and Stetser.

      Second, as to Defendants' argument regarding
Plaintiff's state law claim of IIED, this Court is similarly
unpersuaded.  To state a claim for IIED under Hawai`i law, a
plaintiff must allege facts to establish: "(1) that the act
allegedly causing the harm was intentional or reckless, (2) that
the act was outrageous, and (3) that the act caused (4) extreme
emotional distress to another." Enoka v. AIG Haw. Ins. Co., 109
Hawai`i 537, 559, 128 P.3d 850, 872 (2006).  The Hawaii Supreme
Court has interpreted the term "outrageous," for purposes of an
IIED claim, to mean "without just cause or excuse and beyond all
bounds of decency." Id. 129 P.3d at 872 (citing Lee v. Aiu, 85
Hawai`i 19, 34 n.12, 936 P.2d 655, 670 n.12 (1997) (internal

quotation marks and citations omitted)).

As Judge Ezra stated in the 7/2/12 Order, "[t]he actions alleged, such as grabbing Plaintiff by his shirt and the back of his neck, repeatedly pushing him, and spraying his eyes with pepper spray without warning, are intentional acts that could reasonably be considered outrageous." [7/2/12 Order at 13-14.] Defendants have made no arguments suggesting that the underlying factual allegations in this case have changed since the 7/2/12 Order.  As such, this Court DENIES Defendants' Motion for Summary Judgment as to Plaintiff's IIED claim.

As to Plaintiff's Hawai`i state law negligence claims against the individual officers, as Judge Ezra stated in the 7/2/12 Order:

> Plaintiff has alleged facts from which it can be inferred that Defendants acted with reckless disregard of the law or of Plaintiff's legal rights.  Plaintiff alleges that the Defendant Officers grabbed Plaintiff by his shirt and repeatedly pushed him backwards, sprayed him with pepper spray without warning, grabbed the back of Plaintiff's neck and arm, forced him on to his stomach, and held him down.  Plaintiff further alleges that Defendants ridiculed and berated him by asking him hostile questions and calling him "a punk."  Plaintiff asserts that he was subsequently arrested even though he did not do anything to provoke or harass the Officers.  If the Officers acted in this manner, it is plausible to infer that they were acting with malice.

[Id. at 20 (internal citations omitted).]  Judge Ezra thus found that Defendants had failed to demonstrate that they were entitled

11

to the conditional privilege defense as a matter of law.  [Id.
(citing Edenfield v. Estate of Willets, Civ. No. 05-00418
SOM-BMK, 2006 WL 1041724, at *12 (D. Hawai`i Apr. 14, 2006)).]
Again, Defendants have failed to demonstrate how the record has
altered since the 7/2/12 Order.  Plaintiff's allegations as to
Defendants' conduct are unchanged.  As such, this Court DENIES
Defendants' Motion for Summary Judgment on Plaintiff's state law
negligence claims against Defendants Ostachuk and Stetser.

          Because "[t]he analysis of negligence under the theory
of respondeat superior should focus completely on the actions of
the employee, without consideration of the acts of the employer,"
Wong-Leong v. Hawaiian Independent Refinery, Inc., 76 Hawai`i
433, 438, 879 P.2d 538, 543 (1994), this Court also DENIES
Defendants' Motion for Summary Judgment as to the Plaintiff's
respondeat superior claims against the City and Defendant
Kealoha.

          Finally, as to Plaintiff's request that this Court
impose sanctions against Defendants for bringing the instant
Motion in bad faith, this Court DENIES the request.  Plaintiff
made his request for sanctions in his Memorandum in Opposition,
rather than a separate motion, and has cited no legal authority
on which the request rests.  To the extent Plaintiff is
requesting sanctions under Rule 11 of the Federal Rules of Civil
Procedure, Plaintiff has failed to meet the procedural

requirements for making such a request under that rule.  <u>See</u> Fed. R. Civ. P. 11(c)(2).  To the extent Plaintiff is requesting sanctions under the Court's inherent authority, while the Court notes that the issue is a close one, it nevertheless declines to order sanctions given the particular facts of this case.

**<u>CONCLUSION</u>**

On the basis of the foregoing, the Defendants' Motion for Summary Judgment, filed October 29, 2012, is HEREBY DENIED. Defendants' request to dismiss with prejudice those claims dismissed without prejudice on July 2, 2012 is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 14, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD BASS V. AARON OSTACHUK, ET AL.; CIVIL NO. 11-00524 LEK-KSC; ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**