IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD BASS, ) | CIVIL NO. 11-00524 LEK-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AARON OSTACHUK, PAUL STETSER, ) | |
| LOUIS M. KEALOHA, CITY AND ) | |
| COUNTY OF HONOLULU, DOE ) | |
| OFFICER 1, DOE OFFICER 2, DOE ) | |
| DEFENDANTS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER DENYING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants Aaron Ostachuk, Paul Stetser, Louis M. Kealoha, and City and County of Honolulu's ("the City") (collectively, "Defendants") Motion for Summary Judgment ("Motion"), filed on October 29, 2012.  Plaintiff Ronald Bass ("Plaintiff") filed a Memorandum in Opposition to the Motion on December 17, 2012 ("Memorandum in Opposition"), and Defendants filed their reply ("Reply") on December 24, 2012. This matter came on for hearing on January 7, 2013.  Appearing on behalf of Defendants was D. Scott Dodd, Esq., and appearing on behalf of Plaintiff was Eric A. Seitz, Esq., and Della A. Belatti, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this district court's July 2, 2012 Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings and Granting Plaintiff Leave to Amend ("7/2/12 Order").[1]  [Dkt. no. 29.]

In the 7/2/12 Order, United States Senior Judge David Alan Ezra first dismissed without prejudice Plaintiff's claims against the Doe Defendants, granting Plaintiff leave to amend his complaint and identify the unknown defendants by August 1, 2012. [7/2/12 Order at 7, 22.]

Judge Ezra granted Defendants' motion for judgment on the pleadings as to Plaintiff's claim of Section 1983 municipal liability against the City, finding that Plaintiff failed to allege any City policy, custom, or practice that was the moving force behind the alleged constitutional violation, or a failure on the part of the municipality to train that amounted to deliberate indifference to Plaintiff's rights.  As such, the 7/2/12 Order dismissed Plaintiff's Section 1983 claims against the City and against Defendant Kealoha, Chief of the Honolulu Police Department.  [Id. at 11-12.]

---

[1] This case was reassigned to this Court on August 3, 2012. [Dkt. no. 34.]

As to the Section 1983 claims against the individual Defendants Ostachuk and Stetser, Judge Ezra found that Plaintiff's allegations that the Defendants grabbed him without provocation, pushed him repeatedly, sprayed his eyes with pepper spray without warning, held him down on his stomach, and subsequently arrested him without explanation were sufficient to overcome the Defendants' motion for judgment on the pleadings. [Id. at 12-13.]  Relying on the same factual allegations, Judge Ezra found that Plaintiff had alleged facts sufficient to overcome the Defendants' motion as to Plaintiff's claim for intentional infliction of emotional distress under Hawai`i law. [Id. at 13-14.]

As to Plaintiff's state law negligence claims, Judge Ezra first noted that the Plaintiff's claims against the City and Kealoha based upon a theory of respondeat superior required only that Plaintiff demonstrate that torts were maliciously committed by Defendants Ostachuk and Stetser while acting within the scope of their authority.  Plaintiff need not show any act or fault on the part of the employer; the City and Kealoha's liability turned solely on the conduct of the officers.  [Id. at 15-16.]  Judge Ezra thus turned to Plaintiff's allegations against the individual officers.

Judge Ezra rejected Defendants' reliance on Bartolome v. Kashimoto, Civ. No. 06-00176 BMK, 2009 WL 1956278 (D. Hawai`i

3

June 26, 2009), and concluded that the requirement that Plaintiff show actual malice to overcome the "qualified conditional privilege" under Hawai`i law did not bar Plaintiff's negligence claims as a matter of law. [7/2/12 Order at 19-20.] Judge Ezra noted that a Plaintiff may proceed with a negligence claim against a non-judicial official and not be barred by the qualified conditional privilege if the Plaintiff adequately alleges that the official recklessly disregarded the law or Plaintiff's legal rights. [Id. at 19-20.] Judge Ezra found that in the instant case Plaintiff had alleged facts from which it could be inferred that Defendants acted with reckless disregard of the law or of Plaintiff's rights, thus overcoming the qualified or conditional privilege. [Id. at 20.] Judge Ezra concluded that Plaintiff had alleged sufficient facts to overcome Defendants' motion for judgment on the pleadings as to Plaintiff's negligence claims, and thus denied Defendants' motion as to Plaintiff's negligence claims against both the individual Defendants and the City and Kealoha. [Id. at 21.]

      Judge Ezra granted Plaintiff leave to amend the complaint to cure the deficiencies noted in the 7/2/12 Order. Plaintiff did not so amend. Plaintiff does not challenge the district court's ruling as to Plaintiff's Section 1983 municipal liability claims against the City and against Defendant Kealoha and the Doe Defendants. As such, the claims that remain are: (1)

Plaintiff's Section 1983 claims against Defendants Ostachuk and Stetser, (2) Plaintiff's intentional infliction of emotional distress claim against Defendants Ostachuk and Stetser, (3) Plaintiff's state law negligence claim against Defendants Ostachuk and Stetser, and (4) Plaintiff's state law negligence claim under a theory of respondeat superior against the City and Defendant Kealoha.

I.   **Defendants' Motion for Summary Judgment**

In the instant Motion, as an initial matter, because Plaintiff did not amend his pleadings by the deadline set in the 7/2/12 Order, Defendants ask this Court to dismiss with prejudice those claims it dismissed without prejudice in the 7/2/12 Order.

As to the remaining claims, Defendants first argue that Defendant Kealoha is entitled to summary judgment on the negligence claim (based on a respondeat superior theory) against him because Plaintiff has made no allegations of wrongdoing on his part.

Defendants next argue that Plaintiff's claim of false arrest under 42 U.S.C. § 1983 must fail because Defendant Ostachuk had probable cause to arrest Plaintiff for Harassment under Haw. Rev. Stat. § 711-1106.  Defendants further contend that Officers Ostachuk and Stetser are entitled to qualified immunity as to Plaintiff's Section 1983 claims for excessive force.  Defendants argue that the amount of force used was

appropriate under the circumstances because, under the Defendants' telling of the facts, Plaintiff made the initial physical contact with Ostachuk, attempting to push him away, and Plaintiff became physically combative with Ostachuk, requiring Ostachuk to defend himself and attempt to handcuff Plaintiff while he was resisting arrest.

As to Plaintiff's Hawai`i state law claims of intentional infliction of emotional distress ("IIED") and negligence, Defendants argue that they are entitled to the defense of conditional privilege.  Specifically, Defendants argue that Plaintiff has failed to allege that Defendants' actions were motivated by malice or an otherwise improper purpose.  For the same reason, Defendants argue that Plaintiff is not entitled to punitive damages for his claims against the individual officers. [Id. at 22.]

Finally, Defendants argue that Plaintiff's respondeat superior claims against the City must fail, as the individual officers did not commit any tort against Plaintiff, or, at the very least, are entitled to qualified immunity or conditional privilege.  [Id. at 23.]

**II.  Memorandum in Opposition**

In his Memorandum in Opposition, Plaintiff argues that there are genuine disputes as to many material facts in the case; Plaintiff and Defendants put forth two entirely different

versions of the events underlying Plaintiff's claims.

Plaintiff first argues that no probable cause existed for Plaintiff's arrest for Harassment because Plaintiff never approached, grabbed, or hit Officer Ostachuk.  Plaintiff claims his account of the events is corroborated by the statements of Cecilia Webb, Plaintiff's girlfriend and a direct witness to the events in question.

Plaintiff next argues that Defendants are not entitled to a defense of qualified immunity because there is a clear dispute as to whether Plaintiff was the aggressor towards the Defendant officers.  Again, Plaintiff emphasizes that the version of facts Defendants' rely upon to argue that they are entitled to qualified immunity is clearly in dispute: Plaintiff claims he was never threatening and stepped away from Officer Ostachuk at least two times.  Plaintiff argues that Officer Ostachuk was, in fact, the aggressor when he grabbed Plaintiff by his shirt, pushed Plaintiff backwards, pepper sprayed Plaintiff without warning, and pushed Plaintiff to the ground by pressing on Plaintiff's neck.  Plaintiff argues that these actions were unreasonable and excessive.

Plaintiff argues that he has put forth clear and convincing evidence that the Defendant officers were motivated by malice and otherwise improper purposes and thus not entitled to the conditional privilege defense against Plaintiff's IIED and

7

negligence claims.  Plaintiff points to the 7/2/12 Order in which Judge Ezra found that (1) the facts as Plaintiff alleges them contain behavior on the part of the officers that "could reasonably be considered outrageous" [7/2/12 Order at 14;] (2) the City's liability must turn on whether the individual officers acted maliciously in committing the torts [id. at 16;] and (3) that Plaintiff alleged facts sufficient to demonstrate that Defendants "acted with reckless disregard of the law or of Plaintiff's legal rights."  [Id. at 20.]

Thus, Plaintiff emphasizes, this Court has already ruled that Plaintiff sufficiently pled facts from which outrageousness, reckless disregard of the law and/or Plaintiff's rights, and malice could be inferred.  In light of this, Plaintiff requests that, in addition to denying Defendants' Motion, this Court impose sanctions on Defendants for Plaintiff's attorney fees in preparing the Memorandum in Opposition.

**III. Reply**

In their Reply, Defendants first argue that Plaintiff's request for sanctions and attorneys fees be denied, as the instant Motion was brought in good faith and nowhere misstated the standard for summary judgment.

Defendants next address the issue of qualified immunity, arguing that even if the Court were persuaded that an issue of fact exists such that Defendant Ostachuk is not entitled

8

to qualified immunity, it must separately consider whether Defendant Stetser is entitled to qualified immunity.  Defendants argue that, regardless of whether Defendant Ostachuk had probable cause to arrest Plaintiff, Defendant Stetser arrived on the scene to find Plaintiff and Ostachuk on the ground struggling, and was thus confronted with a situation clearly indicating that Officer Ostachuk's safety was threatened and immediate action was required.  As such, it was reasonable for Stetser to believe he was justified in coming to Ostachuk's aid, and Stetser is entitled to qualified immunity on the Section 1983 claim.

## DISCUSSION

As a preliminary matter, Defendants ask this Court to dismiss with prejudice those claims that were dismissed without prejudice in the 7/2/12 Order.  Because Plaintiff failed to amend his pleadings by the deadline set in that order, and because Plaintiff does not challenge the Court's ruling as to the Plaintiff's Section 1983 municipal liability claims against the City and against Defendant Kealoha and the Doe Defendants, this Court GRANTS Defendants' request and DISMISSES WITH PREJUDICE Plaintiff's claims against the Doe Defendants, and Plaintiff's Section 1983 municipal liability claim against the City and County of Honolulu and Kealoha.

As to the remaining claims, this Court first addresses Defendants' argument regarding Plaintiff's Section 1983 claims

against the individual officers.  In the 7/2/12 Order, Judge Ezra found that Plaintiff's allegations that Defendants, without provocation, grabbed him, pushed him repeatedly, sprayed his eyes with pepper spray without warning, held him down on his stomach, and ultimately arrested him without telling him what he was being arrested for, were sufficient to overcome Defendants' motion for judgment on the pleadings.  Here, Defendants fail to identify any changes or developments in the record that alter the court's previous conclusion, and reiterate essentially the same arguments made before Judge Ezra.  As such, this Court DENIES Defendants' Motion for Summary Judgment on the Section 1983 claims against Defendants Ostachuk and Stetser.

      Second, as to Defendants' argument regarding Plaintiff's state law claim of IIED, this Court is similarly unpersuaded.  To state a claim for IIED under Hawai`i law, a plaintiff must allege facts to establish: "(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another."  Enoka v. AIG Haw. Ins. Co., 109 Hawai`i 537, 559, 128 P.3d 850, 872 (2006).  The Hawaii Supreme Court has interpreted the term "outrageous," for purposes of an IIED claim, to mean "without just cause or excuse and beyond all bounds of decency."  Id. 129 P.3d at 872 (citing Lee v. Aiu, 85 Hawai`i 19, 34 n.12, 936 P.2d 655, 670 n.12 (1997) (internal

quotation marks and citations omitted)).

As Judge Ezra stated in the 7/2/12 Order, "[t]he actions alleged, such as grabbing Plaintiff by his shirt and the back of his neck, repeatedly pushing him, and spraying his eyes with pepper spray without warning, are intentional acts that could reasonably be considered outrageous." [7/2/12 Order at 13-14.] Defendants have made no arguments suggesting that the underlying factual allegations in this case have changed since the 7/2/12 Order. As such, this Court DENIES Defendants' Motion for Summary Judgment as to Plaintiff's IIED claim.

As to Plaintiff's Hawai`i state law negligence claims against the individual officers, as Judge Ezra stated in the 7/2/12 Order:

> Plaintiff has alleged facts from which it can be inferred that Defendants acted with reckless disregard of the law or of Plaintiff's legal rights. Plaintiff alleges that the Defendant Officers grabbed Plaintiff by his shirt and repeatedly pushed him backwards, sprayed him with pepper spray without warning, grabbed the back of Plaintiff's neck and arm, forced him on to his stomach, and held him down. Plaintiff further alleges that Defendants ridiculed and berated him by asking him hostile questions and calling him "a punk." Plaintiff asserts that he was subsequently arrested even though he did not do anything to provoke or harass the Officers. If the Officers acted in this manner, it is plausible to infer that they were acting with malice.

[Id. at 20 (internal citations omitted).] Judge Ezra thus found that Defendants had failed to demonstrate that they were entitled

to the conditional privilege defense as a matter of law.  [Id. (citing Edenfield v. Estate of Willets, Civ. No. 05-00418 SOM-BMK, 2006 WL 1041724, at *12 (D. Hawai`i Apr. 14, 2006)).] Again, Defendants have failed to demonstrate how the record has altered since the 7/2/12 Order.  Plaintiff's allegations as to Defendants' conduct are unchanged.  As such, this Court DENIES Defendants' Motion for Summary Judgment on Plaintiff's state law negligence claims against Defendants Ostachuk and Stetser.

Because "[t]he analysis of negligence under the theory of respondeat superior should focus completely on the actions of the employee, without consideration of the acts of the employer," Wong-Leong v. Hawaiian Independent Refinery, Inc., 76 Hawai'i 433, 438, 879 P.2d 538, 543 (1994), this Court also DENIES Defendants' Motion for Summary Judgment as to the Plaintiff's respondeat superior claims against the City and Defendant Kealoha.

Finally, as to Plaintiff's request that this Court impose sanctions against Defendants for bringing the instant Motion in bad faith, this Court DENIES the request.  Plaintiff made his request for sanctions in his Memorandum in Opposition, rather than a separate motion, and has cited no legal authority on which the request rests.  To the extent Plaintiff is requesting sanctions under Rule 11 of the Federal Rules of Civil Procedure, Plaintiff has failed to meet the procedural

requirements for making such a request under that rule.  <u>See</u> Fed. R. Civ. P. 11(c)(2).  To the extent Plaintiff is requesting sanctions under the Court's inherent authority, while the Court notes that the issue is a close one, it nevertheless declines to order sanctions given the particular facts of this case.

## **CONCLUSION**

On the basis of the foregoing, the Defendants' Motion for Summary Judgment, filed October 29, 2012, is HEREBY DENIED. Defendants' request to dismiss with prejudice those claims dismissed without prejudice on July 2, 2012 is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 14, 2013.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD BASS V. AARON OSTACHUK, ET AL.; CIVIL NO. 11-00524 LEK-KSC; ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**